IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RONALD PATTERSON,
CATHERINE PATTERSON,
VICTORIA ELLINGTON, AND
JOHN ELLINGTON                                                    **PLAINTIFFS**

v.                              No. _____

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                        **DEFENDANT**

### BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS

### I. FACTUAL BACKGROUND

Plaintiffs Ronald and Catherine Patterson ("the Pattersons") and Victoria and John Ellington ("the Ellingtons") have filed the instant lawsuit against Allstate Property and Casualty Insurance Company ("APCIC") as the result of storm damage allegedly sustained to the roofs of their homes on October 20-21, 2019. According to the allegations in Plaintiffs' Complaint, (1) APCIC issued homeowners policies to both the Pattersons and the Ellingtons, (2) those policies were in place at the time of the storm, (3) the Pattersons and the Ellingtons suffered wind damage to their roofs as a result of the storm, (4) they timely made claims to APCIC, and (5) although APCIC accepted those claims, it only offered to replace a portion of the Pattersons and the Ellingtons' roofs as opposed to the roofs in their entirety. Plaintiffs allege that, due to the damages sustained to their premises, APCIC should have replaced their entire roofs and that APCIC's refusal to do so constitutes a breach of contract under the terms of the insurance policies at issue.

Plaintiffs' attach a number of exhibits to their Complaint. Exhibit 1 to Plaintiffs' Complaint is a copy of the declarations pages from the Pattersons' homeowners policy which does,

in fact, reflect APCIC issued a homeowners policy to them, policy number 931953168. The policy appears to have been in full force and effect at the time of the October 20-21, 2019, storm loss.

Exhibit 2 to Plaintiffs' Complaint is the declarations pages from the Ellingtons' homeowners policy. According to Exhibit 2 to Plaintiffs' Complaint, the Ellingtons were issued a homeowners policy, policy number 815044478, which was in full force and effect at the time of the October 20-21, 2019, storm loss. However, as the declarations pages of that policy make clear, the policy was not issued by APCIC but rather by "Allstate Vehicle and Property Insurance Company."

APCIC concedes (1) that it issued a policy of insurance to the Pattersons, (2) that they did make a claim for storm damage following the October 20-21 storm loss, and (3) that, while the Pattersons' storm damage claim was deemed to be a covered loss, APCIC only offered to replace a portion of the Pattersons' roof as a result of their purported damage. While APCIC concedes the foregoing, it denies that it issued a policy of homeowners insurance to the Ellingtons. Rather, as is evident from Exhibit 2 to Plaintiffs' Complaint, that policy was issued by "Allstate Vehicle and Property Insurance Company", a nonparty.

While APCIC may dispute the validity of a number of allegations by the Pattersons in their Complaint, it concedes, at least for purposes of the current Motion, that the allegations of the Pattersons, when taken as true, most likely state a claim upon which relief can be granted. At the same time, as the exhibits to Plaintiffs' own Complaint verify, the Ellingtons were not issued a policy of insurance by APCIC and, for that reason, cannot state a claim upon which relief can be granted for breach of contract against that entity. For these reasons and reasons which will be set forth further herein, APCIC moves to dismiss the Ellingtons' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2

## II. ARGUMENT

**A.      Rule 12(b)(6) Standard in Breach of Contract Actions**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where a complaint fails to state a claim upon which relief can be granted.  "To survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *McShane Constr. Co. v. Gotham Ins. Co.*, 867 F.3d 923, 927 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Federal courts "assess plausibility considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint.'" *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Where a complaint alleges a cause of action which is clearly invalid as demonstrated by the exhibits attached to it, it may properly be dismissed pursuant to Rule 12(b)(6).  *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526-527 (8th Cir. 2017).  In considering this precise issue in the context of a breach of contract claim, the Eighth Circuit stated as follows in the 2017 case of *Zean v. Fairview Health Servs.*:

> Zean argues that Exhibits A and B were not embraced by his Complaint because they contradict the no-consent allegation in Paragraph 40. It is generally true that the district court must convert a Rule 12(b)(6) motion into one for summary judgment if it considers evidence in opposition to the pleading. But the issue is not so simple in this case. In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss.  This is true even if contract documents not attached to the complaint refute a breach-of-contract claim, or a claim that defendant breached a statutory or common law duty.
>
> Here, the Complaint alleged breach of a statutory TCPA duty arising out of a contractual relationship, Zean's purchase of a medical device from Fairview. The

3

> Complaint alleged in conclusory fashion that Zean did not give Fairview express
> consent to make the calls. Exhibits A and B purport to be documents reflecting the
> contractual relationship that refute this conclusory allegation. Courts are not bound
> to accept as true a legal conclusion couched as a factual allegation.   In these
> circumstances we agree with the district court that the exhibits at issue are embraced
> by the pleadings and will be considered by the Court.

*Id.* (internal citations and quotations omitted).  In *Zean*, the Eighth Circuit went on to affirm the

dismissal of a complaint pursuant to Rule 12(b)(6) where the contract documents attached to the

plaintiff's complaint as exhibits specifically refuted a claim of breach of contract.  *Id.*

**B.     Required Elements of a Breach of Contract Claim Under Arkansas Law**

The Court has jurisdiction over the current lawsuit pursuant to diversity of citizenship.  As

such, the substantive law of Arkansas will apply.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.

Ct. 817, 82 L. Ed. 1188 (1938). In Arkansas, "[i]nsurance policies are to be interpreted like other

contracts." *Agric. Ins. v. Ark. Power & Light Co.*, 235 Ark. 445, 361 S.W.2d 6, 12 (1962).  "In

order to state a cause of action for breach of contract, the complaint need only assert the existence

of a valid and enforceable contract between the plaintiff and the defendant, the obligation of

defendant thereunder, a violation by the defendant, and damages resulting to plaintiff from the

breach*.*" *Farris v. Conger*, 2017 Ark. 83, 512 S.W.3d 631, 634 (2017).

When interpreting a contract, courts "must, if possible, ascertain and give effect to the

intention of the parties." *Harris v. Stephens Prod. Co.*, 310 Ark. 67, 832 S.W.2d 837, 840 (1992).

This is done by looking "to the contract as a whole and the circumstances surrounding its

execution." *First Nat'l Bank of Crossett v. Griffin*, 310 Ark. 164, 832 S.W.2d 816, 820 (1992).

Arkansas courts "consider the sense and meaning of the words used by the parties as they are taken

and understood in their plain, ordinary meaning." *Id.* at 819 (quoting *Farm Bureau Mut. Ins. v.*

*Milburn*, 269 Ark. 384, 601 S.W.2d 841, 842 (1980)). Finally, courts read different clauses of the

contract together, construing it "so that all of its parts harmonize, if that is at all possible." *Id.*

(*quoting Cont'l Cas. Co. v. Davidson*, 250 Ark. 35, 463 S.W.2d 652, 655 (1971)). "A construction that neutralizes any provision of a contract should never be adopted, if the contract can be construed to give effect to all provisions." *Tyson Foods, Inc. v. Archer*, 356 Ark. 136, 147 S.W.3d 681, 686 (2004).

### C.     The Ellingtons Do Not State a Claim Upon Which Relief Can Be Granted as to APCIC

In the instant case, the Ellingtons allege breach of contract against APCIC and specifically maintain that the contract that APCIC breached with them was a policy of insurance, a portion of which is attached to Plaintiffs' Complaint as Exhibit 2. While the Ellingtons maintain same within the body of their Complaint, Exhibit 2 to Plaintiffs' Complaint makes clear that the insurance policy that was issued to the Ellingtons was actually issued by Allstate Vehicle and Property Insurance Company, which is undisputedly not a party to this litigation. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts will consider not only pleadings themselves but also any material necessarily embraced by the pleadings and any exhibits attached to a complaint. Where a contract attached to a complaint refutes a breach of contract claim, the claim is properly dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

A necessary element of a breach of contract claim under the law in Arkansas and, quite frankly, all jurisdictions is a valid and enforceable contract between the parties. Here, the exhibits to the Ellingtons' own Complaint makes clear that, while they had an insurance contract with some company, the company they had the contract with was not APCIC. For this reason, separate Plaintiffs Victoria and John Ellington fail to state a claim upon which relief can be granted as to APCIC and their Complaint against APCIC should be dismissed.

5

## III.  CONCLUSION

For all the reasons set forth herein, Allstate Property and Casualty Insurance Company respectfully requests that its Partial Motion to Dismiss be granted, that the claims of Victoria and John Ellington be dismissed, and that it be given any and all other relief to which it is entitled.

Respectfully submitted,

MUNSON, ROWLETT, MOORE & BOONE, P.A.
1900 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas  72201
Telephone:  (501) 374-6535
Facsimile:  (501) 374-5906
Shane.strabala@mrmblaw.com

BY: _____
SHANE STRABALA, Ark. Bar No. 2000080
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Shane Strabala, state that on this 29th day of April, 2020, I have served a copy of the foregoing on the parties hereto by mailing a copy of same to the following:

Seth A. White
Keith Law Group, PLLC
Regions Bank Building, Suite 108
5050 Northgate Road
Rogers, AR 72758

_____
SHANE STRABALA